UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON STANTON,<br><br>                Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>                Defendants. | CIVIL ACTION NO. 3:20-CV-01685<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

Presently before the Court is a complaint ("Complaint") filed by *pro se* prisoner-Plaintiff Leon Stanton (hereinafter referred to as "Stanton") on August 17, 2020 against Defendants Scott Finley, T. Reisinger, a Contracting Officer at the Federal Correctional Institution at Schuylkill ("FCI-Schuylkill"), Diana Colon, Sharon Jones, and the United States of America (hereinafter referred to collectively as "Defendants"). (Doc. 1-1, at 1). In the Complaint, Stanton challenges the government's "authority to confine him 'based on a statute/law that is repugnant to the constitution for the United States'" and "seeks damages/relief . . . for false imprisonment and other injuries, including tampering with and destruction of my mail and pictures." (Doc. 1, at 2-3; Doc. 1-1, at 6, 11). At the time he filed his Complaint, Stanton was incarcerated at FCI-Schuylkill, located in Schuylkill County, Pennsylvania. (Doc. 1, at 2).

The Court has conducted its statutorily-mandated screening of the Complaint in accordance with 28 U.S.C. § 1915(e)(2). For the reasons provided herein, the Court finds that the Complaint fails to state a claim upon which relief may be granted, but that Stanton be granted leave to amend.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

Stanton, proceeding *pro se*, initiated the instant action by filing a complaint in this matter on August 17, 2020. (Doc. 1, at 2). On September 16, 2020, the United States of America removed this action to this Court pursuant to 28 U.S.C. § § 1441 and 1446. (Doc. 1, at 1-2). In his Complaint, Stanton appears to challenge the validity of his detention based on his assertion that he was burdened by an unconditional act of the 80th Congress and that the "secure adult facility," presumptively in which he is being detained, "is illegal under Pennsylvania law." (Doc. 1-1, at 6). Additionally, Stanton claims that he is "not the creation or Chattel property of any person or government agency" and that he is "not under any obligation whatsoever to any governmental agency, state or federal, or any of their self passed laws, statutes, regulations, codes or policies." (Doc. 1-1, at 3). Stanton seeks an award for "false imprisonment and other injuries, including tampering with and destruction of" personal property. (Doc. 1-1, at 6, 11)

The matter is now before the Court pursuant to the Court's statutory obligation under 28 U.S.C. § 1915(e) to screen the Complaint to determine if it states a claim upon which relief can be granted.

**II.    DISCUSSION**

    A.   LEGAL STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 F. App'x 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the complaint if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B)(ii);

*see generally Banks v. Cnty. of Allegheny*, 568 F. Supp. 2d 579, 587-89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards). In this case, because Stanton is suing government officials and seeks to proceed *in forma pauperis*, both provisions apply. In performing its mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010); *Banks*, 568 F. Supp. 2d at 588.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of

a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan*, 20 F.3d at 1261. This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of

action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (citing *Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

    B. FAILURE TO STATE A CLAIM UNDER RULE 8

Stanton's Complaint fails to state a claim under Rule 8(a) of the Federal Rules of Civil Procedure. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *Scibelli v. Lebanon Cnty.,* 219 F. App'x 221, 222 (3d Cir. 2007). Dismissal under Rule 8 is proper when a complaint "le[aves] the defendants having to guess what of the many things discussed constituted [a cause of action]." *Binsack v. Lackawanna County Prison,* 438 F. App'x 158, 160 (3d Cir. 2011).

While the undersigned must construe the Complaint liberally due to Stanton's status as a *pro se* litigant, the Complaint fails to meet the pleading requirements of Rule 8. Stanton provides a multitude of facts and legal postures about congressional quorums, the Constitution, and the history of the United States without any concise connection to how these facts involve Stanton himself. (Doc. 1-1). Due to its overwhelming nature, the Complaint does not provide any possibility for the Court to make a conjecture as to what Stanton is asserting. His discussion stretches across a vast period and is so jumbled and unclear that it is difficult to understand with any degree of certainty.

Stanton's assertions lack an express link between his claims and factual allegations. *See Estelle*, 429 U.S. at 106. Throughout his Complaint, Stanton provides various legal assertions and quotations from previous precedent but contributes no facts to indicate how his claims are impacted by this precedent. (Doc. 1-1, at 8, 9, 10). In his third cause of action, Stanton notes that the "respondent(s) and the elected members of the 80th Congress . . . have been depriving the Affiant of his Right(s) to Liberty without due process of Law in violation of said Rights secured by the Fifth, Sixth, Seventh, Ninth, and Tenth Amendments to the Constitution for the United States of America Republic" and proceeds to list various facts that presumptively apply to these violations. However, Stanton fails to describe, with any detail, which defendants committed the alleged actions and does not provide a clear connection between the alleged actions and the impact those actions have had on him, directly. (Doc. 1-1, at 16). Additionally, Stanton does not name or attribute the alleged actions to any of the

defendants, apart from Scott Finley,[1] within the text of his Complaint. Stanton must assert a claim sufficient enough to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" See Twombly, 550 U.S. at 555. Without providing an account of what the named defendants have allegedly done, it is near impossible for them to understand what they are being accused of and how they should respond to the claims in the Complaint. The inadequate claims presented in the Complaint lack any semblance of specificity and are not sufficient to provide the Defendants with knowledge as to the charges against them.

      Overall, the pleading does not provide any meaningful opportunity for the Defendants to decipher or answer Plaintiff's allegations. See Twombly, 550 U.S. at 555. It is "rambling and unclear" so as to defy response. Tillio v. Spiess, 441 F. App'x 109, 110 (3d Cir. 2011). The allegations presented in the Complaint are not "simple, concise, and direct" so as to provide the Defendants with knowledge as to with what they are being charged, and therefore it is difficult to understand what Stanton is asserting or what conduct he is challenging. See Fed. R. Civ. P. 8(d)(1). Because Stanton provides an abundance of information, it is arduous to discern what claims he is asserting. Stanton must adhere to Rule 8 by limiting his complaint to concise allegations of specific conduct that he believes violated his constitutional rights. See Scibelli, 219 F. App'x. 221 at 222 (dismissing a complaint because, among other reasons, it did not "qualif[y] as a short and plain statement of a federal claim").

---

[1] Stanton mentions Defendant Finley directly in his claim for relief, "affiant seeks damages/relief . . . [for] tampering with and destruction of my mail and picture at the direction of you, Scott Finley . . ." (Doc. 1-1 , at 11).

C. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). In this case, the Court will grant Stanton leave to file an amended complaint in an attempt to cure the deficiencies outlined herein. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Stanton is reminded that the amended complaint must be submitted using the court-furnished form.[2] The complaint must consist of *concise and direct* statements alleging which civil rights were violated, and the specific acts that established each violation. Mere speculation is insufficient. Stanton is advised to follow each claim with a corresponding good-faith request for relief. Moreover, an amended complaint must, pursuant to Rule 20(a), name only those Defendants implicated in the transaction or occurrence giving rise to Plaintiff's claims and whose involvement in the suit presents a common question of law or facts. Plaintiff must limit claims to those by which he has suffered actual harm due to the actions of the Defendants. Finally, Plaintiff must not include any extraneous information that does not directly involve an alleged act constituting a violation of a civil right.

---

[2] *See Mincy v. Klem*, 303 F. App'x 106, 107-08 (3d Cir. 2008)(explaining that it is proper for the District Court to order use of a form-complaint when the original is unduly long).

- 9 -

### III.  CONCLUSION

Based on the foregoing reasons, the Court finds that Plaintiff's Complaint fails to state a claim, but that Plaintiff should be granted leave to amend his Complaint, and he is granted 30 days in which to do so. Defendant's Motion for Initial Screening (Doc. 3) and Motions for Extensions of Time to File Answer (Doc. 5; Doc. 6) are **STRUCK** as moot. The Clerk of Court is directed to provide Plaintiff with the Court's form civil rights complaint.

Dated: November 24, 2020                                       *s/ Karoline Mehalchick*
                                                                            **KAROLINE MEHALCHICK**
                                                                            **United States Magistrate Judge**